Patton v. Patton.

---

JAMES T. PATTON, Adm'r, &c., v. BENONI P. PATTON.

EXECUTOR AND ADMINISTRATOR : COMMISSIONS : LIABILITY OF ADMINISTRATOR DE BONIS NON TO PAY.—An administrator de bonis non is not bound to pay the commissions allowed to the administrator in chief, on his final settlement, unless there be an order of court directing him to do so, or unless a demand of payment, with notice that they remain unpaid, be made of him, by the administrator in chief: and if without any such order, demand, or notice, he make a final settlement and be discharged, an action cannot be maintained against him to recover the claim.

IN error from the Circuit Court of Lafayette county. Hon. P. T. Scruggs, judge.

John F. Cushman, for plaintiff in error,
Cited Washburn v. Dorsey, 8 S. & M. 214; Hutch. Code, 831, § 12; Turner v. Ellis, 24 Miss. R. 173.

Howry and Hayes, for defendant in error,
Cited 1 How. 430; 1 Peters, 328; 7 How. 200; 5 S. & M. 750; Ib. 130; Henderson v. Winchester, 31 Miss. R. 290; 6 Cushm. 187.

HANDY, J., delivered the opinion of the court.

This action was brought by the defendant in error who had formerly been executor of Samuel Patton, deceased, against the plaintiff in error, as administrator *de bonis non* of the testator, to recover a sum of money allowed by the Probate Court to the executor upon his resignation of his trust, for commissions, and upon his final settlement. It appears that the allowance of the commissions was made on 'the 20th November, 1849, and that they remained unpaid.

The defendant below first demurred to the declaration, and his demurrer being overruled, he pleaded, that in March, 1851, he made a final settlement of his administration, upon due notice to the heirs of the deceased, of whom the plaintiff below was one, and was duly discharged as administrator; he further pleaded the Statute of Limitations of four years. The plaintiff took issue upon the first plea and demurred to that of the Statute of Limitations, which demurrer was sustained.

Upon the trial, the jury returned a special verdict, finding in substance that the plaintiff below was executor and resigned his trust as above stated, and upon his settlement was allowed the sum sued for for commissions, which has not been paid; that on the same day, the defendant became administrator *de bonis non*, and on the 17th March, 1851, that he made a final settlement of his trust in due form of law, and the same was duly allowed by the Probate Court,—submitting the question whether the plaintiff or the defendant was entitled to judgment, upon the facts, to the Court.

The court gave judgment for the plaintiff, and the defendant brings the case here by writ of error.

The question presented by the demurrer to the declaration, and the only material question arising upon the facts found by the special verdict, is, whether an allowance of commissions by the Probate Court to an executor or administrator upon his resignation and settlement of his final account, is such a debt as the administrator *de bonis non* is bound to take notice of without demand or presentation, and to pay without a special order of the Probate Court directing him to pay it.

It is certainly true that commissions allowed by the Probate

Court to an executor upon his resignation and final settlement, constitute a charge upon the estate which may be enforced in several modes. The most usual and simple mode of discharging such a claim, is to allow the executor to retain sufficient of the assets for that purpose. It may also be paid by an order of the Probate Court, directing the administrator *de bonis non* to pay it; in which event, he would be entitled to credit for the amount in the settlement of his final account. But without such an order, and especially without a demand of payment of the administrator *de bonis non*, with notice that the claim was unpaid, we do not perceive upon what principle he can be held bound to pay it. It is a charge incident to the administration, for which the administrator *de bonis non* is not primarily bound and which he is well justified in presuming to have been paid upon the settlement of the executor and before the assets went out of his hands, because it was a charge upon the estate before it came to the hands of the administrator *de bonis non*. That presumption should be destroyed by a notice and demand of payment from the administrator *de bonis non* at least, or by an order of the court directing him to pay it. And if without any such order or notice, the administrator *de bonis non* makes his final settlement and is discharged, no action can be maintained against him to recover the claim.

It does not appear here either that the administrator had notice of the allowance and that it was unpaid, or that there was any order of court directing him to pay it, which latter course was entirely within the power of the plaintiff; and we therefore think that neither the declaration nor the special verdict show any legal ground of action against the defendant below.

The judgment is reversed, and judgment awarded for the plaintiff in error.